UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-23629-CIV-COOKE/GOODMAN

MICHAEL KNEPP,

    Plaintiff,

v.

P.W. BISHOP DAIRY, INC., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON MOTION FOR BILL OF COSTS

Defendants P.W. Bishop Dairy, Inc. and Hamilton L. Bishop seek $412 in taxable costs for successfully defending this action against Plaintiff Michael Knepp. [ECF No. 29]. United States District Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 30]. Plaintiff did not file a response, and the time to do so has long passed. Plaintiff, in fact, has abandoned this case, which led Judge Cooke to dismiss this case without prejudice. [ECF Nos. 22; 27–28].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny** Defendants' motion.

**I.**     **Background**

Plaintiff brought this claim against Defendants for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. The claim was removed to this

Court from state court and referred to the Undersigned for all non-dispositive pretrial matters, as well as fees, costs, and sanctions motions. [ECF Nos. 1; 7]. A month later, Plaintiff's counsel filed a motion to withdraw, stating that they had been unable to get in contact with Mr. Knepp. [ECF No. 12]. The Undersigned permitted Plaintiff's counsel to withdraw on November 21, 2017, and gave Plaintiff 30 days to find new counsel (and then have counsel file a notice of appearance within that 30-day window) or to file a notice advising the Court that he will be proceeding on a *pro se* basis. [ECF No. 22].

Neither notice was filed within the 30-day window, so the Undersigned issued a *sua sponte* order directing Plaintiff to file a notice by January 16, 2018, indicating whether he intends to pursue his claims. [ECF No. 27]. Plaintiff never filed a notice, so on March 16, 2018, Judge Cooke dismissed this case without prejudice in accordance with Federal Rule of Civil Procedure 41(b) for failure to comply with a Court order. [ECF No. 28].

Defendants then filed the instant motion, requesting costs and alleging that the involuntary dismissal of Plaintiff's claims (for his failure to respond to Court orders) made Defendants the prevailing party.

II.     **Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the *prevailing party*." Fed. R. Civ. P. 54(d)(1) (emphasis added).

Local Rule 7.3(c) establishes guidelines for a bill of costs, specifically referencing 28 U.S.C. § 1920.

A "prevailing party" is defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Furthermore, it must create a "material alteration of the legal relationship of the parties." *Id.* at 604 (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). For a "material alteration" to occur, "there must be (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) judicial imprimatur on the change in the legal relationship between the parties." *Smallbein ex rel. Estate of Smallbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003).

**III.    Analysis**

Defendants seek costs because the Court dismissed Plaintiff's case without prejudice. But for the Court to award costs, Defendants needed to be the prevailing party. Generally, the party "in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). A dismissal under Federal Rule of Civil Procedure 41(b), except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits "*unless the dismissal order states otherwise.*" Fed. R. Civ. P. 41(b) (emphasis added).

Thus, an involuntary dismissal for failure to comply with a court order is an adjudication on the merits unless the court specifies otherwise. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4435 (2d ed. 2002) ("Wright & Miller") ("[Involuntary dismissals for failure of the plaintiff to prosecute or to comply with the rules of procedure or any order of the court] operate as an adjudication on the merits unless the court specifies otherwise in its order of dismissal.").

The inclusion of the phrase "without prejudice" *is* the Court stating otherwise. The Supreme Court in *Semtek International, Inc. v. Lockheed Martin Corp.* explained that "a more reasonable interpretation of the meaning of 'operates as an adjudication on the merits' is the *opposite* of a 'dismissal without prejudice.'" 531 U.S. 497, 505 (2001) (emphasis added); *see* Wright & Miller § 4435, n. 4 ("Both parts of Rule 41(a) also use the phrase 'without prejudice' as a *contrast* to adjudication on the merits.") (emphasis added); *see also Sanchez v. Swire Pac. Holdings, Inc.*, No. 09-20235-CIV, 2009 WL 2005272, at *4 (S.D. Fla. July 9, 2009) (denying motion to tax costs following a dismissal without prejudice for failure to respond to the motion to dismiss, because there was no adjudication on the merits).

Here, the Court stated otherwise when it dismissed Plaintiff's case for failure to comply with the Court's Order and included the phrase "without prejudice." Because this phrase was included, the dismissal Order was not an adjudication on the merits and did not materially alter the legal relationship of the parties in a way that Defendants

4

could be considered the prevailing party. As issued, the dismissal Order does not preclude Plaintiff from subsequently raising the same claim against P.W. Bishop Dairy, Inc. and Hamilton L. Bishop.

IV.     **Conclusion**

Because Defendants are not the prevailing party, the Undersigned **respectfully recommends** that the District Court **deny** Defendants' request for costs.

V.      **Objections**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on September 14, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record

Michael Knepp
1036 NW 38th Ave.
Okeechobee, FL 34972